Jaime MURCIA, Plaintiff,

v.

COUNTY OF ORANGE, City of Newburgh, Police Officer John Perez, and Police Officers Currently Unknown, Defendants.

No. 00 CIV. 1325(CM)(MDF).

United States District Court, S.D. New York.

Jan. 24, 2002.

Edward H. Gersowitz, Gersowitz, Libo & Korek, P.C., New York City, for Plaintiff.

George F. Roesch, III, MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY, David L. Posner, McCabe & Mack, Poughkeepsie, NY, Richard B. Golden, Burke, Miele & Golden, L.L.P., Goshen, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ADD SHERIFF FRANK BIGGER AS A DEFENDANT, DENYING MOTION OF ORANGE COUNTY FOR SUMMARY JUDGMENT, and STRIKING CERTAIN MATTER FROM AMENDED COMPLAINT

McMAHON, District Judge.

Plaintiff Jaime Murcia is the unfortunate victim of mistaken identity. He was arrested on February 1999 by City of Newburgh Police officers, who believed that he was the person named in a Federal arrest warrant for a person of the same name. Plaintiff was unable to convince either Newburgh police officers or their counterparts at the Orange County jail that he was not the man named in the arrest warrant. As a result, he was subjected to four separate strip searches—one in Newburgh and three at the Orange

County Correctional Facility—before he was turned over to the Federal authorities, who immediately recognized the error and released plaintiff.

Murcia originally sued the City of Newburgh and John Perez, one of its police officers, for false arrest and for violating his civil rights by strip searching him without probable cause. At a conference before the Court on May 1, 2001, the Court denied the motion to dismiss the claims against the Newburgh defendants insofar as the allegations arose out of the strip search, and deemed the original complaint amended to drop allegations of false arrest "based on concessions made by plaintiff, that claim is limited to a claim that plaintiff's constitutional rights were violated" by the strip search. Memorandum to Parties and Clerk's Office, entered on the docket on May 9, 2001. Plaintiff was not given leave to amend his complaint to reassert claims in the nature of false arrest against the Newburgh defendants. Nonetheless, in the amended complaint he now seeks leave to file contains allegations of "forceful detention" in violation of the Fourth Amendment (which is simply another way of saying false arrest) and a number of other factual allegations that appear to relate to the claim of false arrest. Those allegations are stricken. The only claim against the Newburgh Defendants is a claim arising out of the strip search, which plaintiff alleges was undertaken without probable cause to believe that such a search was constitutionally permissible.

■ Plaintiff was given leave to amend the complaint to assert a claim against Orange County Sheriff Frank Bigger. The proposed claim alleged that Sheriff Bigger promulgated a policy of strip searching every arriving inmate at the Orange County Correctional Facility (OCCF), whether or not there was probable cause to believe that the arriving inmate was carrying contraband or whether it was otherwise constitutionally permissible to strip search the inmate. An amended complaint was finally filed on October 19, 2001. Orange County suggests that I should deny leave to amend because the amended pleading took so long to arrive. I agree that plaintiff was tardy—especially as I had hoped to try this case last November—but I have no intention of rescinding the permission I already gave to make this motion. I grant the motion.

■ The question of whether Orange County has a policy of strip searching every inmate who arrives at OCCF, and whether Frank Bigger made that policy if it in fact exists, is not new to this Court. *See Lee v. Perez*, 175 F.Supp.2d 673 (S.D.N.Y.2001). To the extent that Orange County argues that leave to amend should not be granted because plaintiff has not offered proof that Sheriff Bigger actually made whatever policy concerning searched exists at OCCF, I am constrained to deny the request, simply because I have already heard a great deal of testimony on the issue. Plaintiff does not have to prove his case in order to amend his complaint, but based on what I have already heard out of Sheriff Bigger's own mouth, I can hardly say that plaintiff's allegation against Bigger is frivolous or made in bad faith. Moreover, assuming arguendo that such a policy exists, Sheriff Bigger would not be entitled to claim qualified immunity with respect to searches conducted pursuant to that policy, because it has been settled law in this Circuit since the early 1980s that blanket strip search policies are unconstitutional. *Weber v. Dell*, 804 F.2d 796, 803 (2d Cir.1986). Indeed, I would not even submit the question of qualified immunity to the jury. Thus, on the merits, the claim against Bigger is not futile.

However, Orange County opposes the motion on the ground that the amended claim is barred by the statute of limitations, and that allowing the amendment would unduly prejudice the County to have Bigger added because of the death of his second in command, Col. Catletti, the superintendent of OCCF.[1]

■ The statute of limitations argument misconstrues the nature of the claim asserted against Sheriff Bigger. Plaintiff alleges that his constitutional rights were violated as a result of a policy of strip searching inmates at OCCF. The statute of limitations for actions brought in the State of New York pursuant to 42 U.S.C. § 1983, or brought pursuant to any other statute, is three years. CPLR 214(5). While it is true that, under New York law, Murcia had only one year to bring a claim against the sheriff for actions taken by him in his official capacity, CPLR 215(1), no less an authority than the United States Supreme Court has held that the short statute does not apply to § 1983 actions involving acts undertaken by a sheriff in his official capacity, because such an action is brought pursuant to statute.[2] *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

Allowing the amendment does not prejudice the County in view of the untimely demise of Col. Catletti, who died both before this motion could be heard and before the date originally set for the trial of this action. The addition of Sheriff Bigger does not alter the nature of the claims made or inject any new factual issues into the case. Plaintiff has alleged all along that he was unconstitutionally strip searched at OCCF. The County complains

that plaintiff failed to depose the Superintendent prior to his death, which would have preserved his testimony about operations at OCCF. But plaintiff had no obligation to call Col. Catletti as a witness about jail operations. Plaintiff is free to call the corrections officer who testified at his deposition that everyone who arrives at OCCF is strip searched. If the County wished to preserve Catletti's testimony for any purpose—including to contradict the corrections officer or to make a record about strip search practices at OCCF—the County should have deposed him, especially once this Court invited plaintiff to move for leave to amend. In Catletti's absence, the County can call Sheriff Bigger, who has testified about jail operations in this Court on a prior occasion.

In addition, Orange County moves for summary judgment dismissing the amended complaint as against it, on the ground that the sheriff is a State official and Orange County cannot be held liable for any wrongdoings he commits, even as a matter of policy. The motion can be denied on a technicality; Orange County failed to file a Rule 56.1 Statement, as required by the local rules whenever a summary judgment motion is made. However, I choose to deny it on the merits.

■ The law in this Circuit is EXTREMELY well settled; Counties, not the State, are liable in damages if sheriffs, acting as head of a county correctional facility, promulgate unconstitutional strip search policies and County officials remain deliberately indifferent to that policy. *Wachtler v. County of Herkimer,* 35 F.3d 77, 82 (2d Cir.1994); *Weber v. Dell,* 804

---

1. Sheriff Bigger has not appeared personally to oppose the motion.

2. It does not take a rocket scientist to figure this out; it does not even require paralegal training. Judge McLaughlin's Practice Com-

mentaries to both CPLR 214 and 215 set out the rule in words of very few syllables. It is inexcusable for the County's lawyers to have made so frivolous an argument.

F.2d 796, 802–03 (2d Cir.1986). In each of *Weber* and *Wachtler,* a County was held liable under 42 U.S.C. § 1983 because "by ordering such searches, the Sheriff established county jail policy...." Indeed, the law is so well settled that Orange County could not possibly have a good faith basis for asserting that it is not liable for Bigger-promulgated policies at OCCF. Certainly, the 1998 resolution on the County's books exculpating itself from *expanded* liability by virtue of it policy of indemnifying the sheriff for legal fees in lawsuits like this one is insufficient to evade the *preexisting* liability imposed under the rule of *Weber* and *Wachtler.* Moreover, those cases imposed liability on the County under Federal law; it could not be overcome by local fiat, or even by the New York State Constitution. The County is warned: the next time any of its many lawyers, in the County Attorney's office or in private firms, tries to make this argument in front of this judge, the County and its counsel will be sanctioned for frivolous litigation tactics.

The motion for leave to amend is granted, subject to the caveat that the allegations relating to false arrest against the Newburgh Defendants are deemed stricken. Service is to be effected on Sheriff Bigger within five days. No extension of time to answer will be granted.

The parties will be noticed for trial in the next six to eight weeks. No excuses will be accepted.